IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,                    Civil No. 07-596-AA
                                                OPINION AND ORDER

            Plaintiff,

      vs.

BRYSON LIBERTY and SHARON
LIBERTY, husband and wife, and
FARLEY, PIAZZA and ASSOCIATES,
Conservator for B.V.H., a minor,

            Defendants.
_____

Douglas F. Foley
Katie D. Buxman
Foley & Buxman, PLLC
13115 N.E. 4th Street, Suite 260
Vancouver, Washington 98684
      Attorneys for plaintiff

Richard J. Vangelisti
Vangelisti Kocher LLP
9755 SW Barnes Road, Suite 450
Portland, Oregon 97225
      Attorney for defendant Farley, Piazza and Associates

Eugene H. Buckle
Robert E. Sabido

Page 1 - OPINION AND ORDER

Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
       Attorneys for defendant Sharon Liberty

AIKEN, Judge:

       Defendant Sharon Liberty filed a motion to dismiss/abstain
from exercising jurisdiction.  Defendant's motion to dismiss is
granted and this case is dismissed.

<u>BACKGROUND</u>

       This is a federal declaratory judgment action involving a
dispute between plaintiff Allstate Insurance Company ("Allstate")
and its insureds (defendants Bryson Liberty and Sharon Liberty),
over whether there is coverage for the claims asserted against
the insured in an action pending in Multnomah County Circuit
Court.  <u>See</u> Federal Declaratory Judgment Act, 28 U.S.C.
§ 2201(a).  Defendant Farley, Piazza and Associates ("Farley")
filed the state action on behalf of B.V.H., a minor, against
defendants Bryson Liberty and Sharon Liberty.  Allstate issued
insurance policies to the Libertys, however, contends that those
policies do not cover the claims against the Libertys in the
state action.

       Defendant Sharon Liberty moves the court to abstain from
exercising jurisdiction over this declaratory judgment action,
and to dismiss the action for further proceedings in state court.
Defendant Farley takes no position on this motion, <u>see</u> doc. 22,
while plaintiff Allstate opposes the motion.

Page 2 - OPINION AND ORDER

STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

In deciding whether to exercise its discretion under the Act, or to abstain from doing so, a federal court must consider three factors: (1) avoiding the needless determination of state law issues; (2) discouraging litigants from forum shopping; and (3) avoiding duplicative litigation. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998)(en banc)(citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942)). The court is mindful of the Ninth Circuit's admonition that, "[o]rdinarily, federal courts should abstain from exercising their jurisdiction in a declaratory judgment action over disputes between insurance companies and their insureds in which the merits must be decided under state law." Polido v. State Farm Mut. Auto. Ins. Co., 110 F.3d 1418, 1424 (9th Cir. 1997)(citing

Brillhart, 316 U.S. at 495, overruled on other grounds, Dizol,
133 F.3d 1220 (1998)).  Moreover, "[i]f there are parallel state
proceedings involving the same issues and parties pending at the
time the federal declaratory action is filed, there is a
presumption that the entire suit should be heard in state court."
Dizol, 133 F.3d at 1225.  Finally, the Brillhart factors are not
exhaustive but "remain the philosophic touchstone for the
district court."  Id.  Dizol noted "other considerations" that
may be relevant: "whether the declaratory action will settle all
aspects of the controversy; . . . will serve a useful purpose in
clarifying the legal relations at issue; . . . is being sought
merely for the purposes of procedural fencing or to obtain a res
judicata advantage; . . . will result in entanglement between
federal and state court systems;" and the "convenience of the
parties, and the availability and relative convenience of other
remedies."  Dizol, 133 F.3d at 1225 n.5 (citation and internal
quotations omitted).

    Plaintiff here disputes the existence of coverage under the
policies it issued to its insured, the defendants.  It is
significant that the merits of this dispute must be decided under
state law, specifically using Oregon's rules for insurance
contract construction.  See Hoffman Construction Co. v. Fred S.
James & Co., 313 Or 464, 469, 836 P.2d 703 (1992).  Similarly,
determining an insurer's duty to defend and to indemnify under an

Page 4 - OPINION AND ORDER

insurance contract is also a matter of state law.  Marleau v.
Truck Ins. Exchange, 333 Or. 82, 91, 37 P.2d 148 (2001).  As
noted above, federal courts generally abstain from exercising
jurisdiction in a declaratory judgment action where the dispute
is between an insurance company and its insured and the merits
must be decided under state law.  Polido, 110 F.3d at 1424.

       Plaintiff here could have filed this action in Multnomah
County Circuit Court, where the underlying tort action was
already pending.  Moreover, the state action involves the same
parties as the action at bar.  Additionally, the state action
involves the nature and scope of the acts allegedly committed by
the insureds, defendants here, and the same issues will be
decided in the action at bar to determine plaintiff Allstate's
duty to indemnify the defendants.  Specifically, the court must
decide whether certain policy provisions apply, such as, the
"intentionally acts" and "criminal acts" exclusions.

       Regarding Dizol's "other considerations," it is notable that
this action will not resolve the state action and therefore will
not settle all aspects of the controversy.  There is also some
evidence that resolving this action may result in entanglement
between federal and state court systems because those courts have
disagreed on whether Oregon law allows an insurer to consider
extrinsic evidence in determining duty to defend.  Compare
Travelers Property Cas. Co. of America v. Martella, 2004 WL

1375283 (D. Or. 2004)(consideration of extrinsic evidence is
prohibited), with United Pacific Ins. Co. v. Mutual of Enumclaw
Ins. Co., 93 Or. App. 69, 71-72, 761 P.2d 4 (1988)(rev. denied,
307 Or. 303, 767 P.2d 443 (1989))(extrinsic evidence may be
allowed).  Finally, a declaratory judgment action in Multnomah
County Circuit Court is an available remedy and would be equally
convenient to the parties.

        In sum, upon review of the three Brillhart factors as well
as other considerations mentioned in Dizol, I find that these
factors weigh in favor of abstention.

                              CONCLUSION

        Defendant Sharon Liberty's motion to dismiss/abstain (doc.
16) is granted and this case is dismissed.  Defendant's request
for telephonic oral argument is denied as unnecessary.
IT IS SO ORDERED.

        Dated this  17   day of November 2007.




                     /s/Ann Aiken
                      Ann Aiken
             United States District Judge




Page 6 - OPINION AND ORDER